1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD FURMAN, | Case No. C19-1939RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Bank of America, N.A. ("BANA")'s Motion to Dismiss for lack of service and for failure to state a claim upon which relief can be granted. Dkt #9. Plaintiff Richard Furman has failed to file a timely response or to communicate with the Court in any way. Defendant Discover Bank has filed a notice of joinder indicating that it has not been served by Mr. Furman. Dkt. #14.

Mr. Furman brings suit against BANA, as well as numerous other banks and insurance companies alleging he was a victim of criminal banking fraud. Dkt. #6. He states that "[o]ver the last 3 years, one or more unauthorized parties (the "Perpetrator(s)") used a multi-level marketing scheme to obtain and to alter the account credentials of FURMAN and to cause him to allow that the bank forward the FUNDING funds to their bank." *Id*. at 12 (emphasis in original). He alleges that these unnamed Perpetrators "diverted more than $7K that had been collected and saved by FURMAN…" *Id*. at 13. He alleges that he was able to recover some

ORDER GRANTING MOTIONS TO DISMISS - 1

funds but that "FURMAN lost more than $50K that was never recovered." *Id*.  Mr. Furman

then apparently made a claim for insurance coverage with some or all of the Defendants; these

claims were denied.  Mr. Furman brings causes of action for declaratory relief, breach of

contract, and for one or more violations of Washington insurance code (no citations provided).

*Id*. at 16–24.

Mr. Furman filed his first pleading in this action on November 27, 2019, and filed the

Complaint on January 10, 2020.  Since then, he has taken no action to prosecute the matter, nor

has he caused any summons to be issued to BANA or any other Defendant. *See* Docket.  Proof

of service has not been filed.

Federal Rule of Civil Procedure 4(m) states in part:

> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice or order that
> service be made within a specified time.  But if the plaintiff shows
> good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as

true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v.*

*Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

However, the court is not required to accept as true a "legal conclusion couched as a factual

allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Id*. at 678.  This requirement is met

when the plaintiff "pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id*.  The complaint need not include

detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Absent facial plausibility, a plaintiff's claims must be dismissed.  *Id*. at 570.

The Court's Local Rules provide that, if "a party fails to file papers in opposition to a [non-summary judgment] motion, such failure may be considered by the court as an admission that the motion has merit."  LCR 7(b)(2).

Mr. Furman has not filed a timely response to this Motion.  Under the Court's Local Rules, this failure may be considered as an admission that Defendant BANA's Motion to Dismiss has merit.

BANA first argues that Mr. Furman has failed to attempt proper service against it.  Dkt. #9 at 2.  Mr. Furman provides the Court with no proof of service and the Court finds that he has failed to properly serve BANA, Discover Bank, or any other Defendant.  *See* LCR7(b)(2). More than 90 days have passed since the Complaint was filed.  Mr. Furman fails to demonstrate good cause for an extension of time to serve.  Dismissal without prejudice is warranted under Rule 4(m).

BANA also argues for Rule 12(b)(6) dismissal.  The Court agrees that the Complaint is lacking substantial detail as to the nature of the underlying fraud or Defendants' actions that have caused the alleged injury to Mr. Furman.  This serves as an additional basis to dismiss.

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant BANA's Motions to Dismiss Dkt. #9, is GRANTED.  Plaintiff's claims are DISMISSED without prejudice.  This case is CLOSED.

ORDER GRANTING MOTIONS TO DISMISS - 3

DATED this 31st day of August, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE